IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH BOUS and JIM BOUS,

    Plaintiffs,

v.                                                            Civ. No. 04-0908 JP/RLP

BARRERAS ENTERPRISES, INC.,
d/b/a DENNY'S RESTAURANT and
1st AMERICAN HOSPITALITY, INC.,
d/b/a ECONO LODGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on "Plaintiff's Motion for Protective Order Striking Defendant Barreras' Untimely Identification of Witnesses and Exhibits."  Plaintiffs served Defendant Barreras Enterprises, Inc. (hereinafter "Denny's") with written discovery in December, 2004.  Denny's requested and received a 30-day extension to submit its responses.  The responses were not forthcoming and in May, 2005, Plaintiffs filed a Motion to Compel [Doc. 41].  The Motion was withdrawn [Doc. 46] when Denny's hand-delivered its responses on the last day of discovery, May 31, 2005.

In its interrogatory responses, Denny's identified several former and current employees it had not previously identified.  Denny's also identified as an expert Charles Rick Green.  Mr. Green was Defendant Econo-Lodge's expert and had issued a report, which Plaintiffs have received.  But because Econo-Lodge has been dismissed from the lawsuit, he was never deposed.

In its responses to requests for production, Denny's identified a video tape that it may use as a trial exhibit, as well as several other documents that may be trial exhibits but which are merely listed as "litigation and claims records."

Plaintiffs seek to bar the previously unidentified individuals as trial witnesses; seek to bar Mr. Green as testifying; and request immediate production of the videotape and documents or bar their use at trial.

Having reviewed the record before the court, it appears that while Denny's has been unjustifiably dilatory in its discovery responses, Plaintiffs contributed to the lateness by failing to move to compel earlier than May, 2005.  *See Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001). Accordingly, the court finds that Rule 37 sanctions are not appropriate at this time.

The discovery period shall be open for 60 days from entry of this Order.  Denny's shall make all identified witnesses available to Plaintiffs for deposition or interviews. Denny's shall identify each and every document it intends to use at trial and make copies of those documents and the videotape available to Plaintiffs no later than August 1, 2005. Violation of this Order could lead to imposition of sanctions under Fed.R.Civ.P. 37.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order Striking Defendant Barreras' Untimely Identification of Witnesses and Exhibits [Doc. 45] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge